UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

J.D. Partnership, et al.,

      Plaintiffs,                            Case No. 2:00-CV-787
                                              JUDGE GREGORY L. FROST
      vs.                                        Magistrate Judge Mark R. Abel

Berlin Township Board of Trustees, et al.,

      Defendants.

## OPINION & ORDER

The Court considers this matter pursuant to two motions. The first is Defendants' Motion For Leave to File Answer. (Doc. # 115). Plaintiffs filed a memorandum in opposition to that motion. (Doc. # 123). The second is Plaintiffs' motion to strike Defendants' tendered answer to Plaintiffs' amended complaint (Doc. # 126). Defendants did not respond to Plaintiffs' motion.

Plaintiffs filed their original complaint on July 13, 2000. (Doc. # 1). Defendants timely filed their answer on August 2, 2000. (Doc. # 6). Subsequently, on September 20, 2001, the Court stayed the action pending the completion of related state court litigation.

After the Court lifted the stay, Plaintiffs filed their Amended Complaint on December 31, 2003. (Doc. # 60). In response, Defendants filed a motion to dismiss. (Doc. # 63). The Court's August 9, 2004 Order granted Defendants' motion in part and denied it part. (Doc. # 70). Thus, according to Fed. Rs. Civ. P. 12 and 6(e), Defendants had until August 23, 2004 to file their answer to Plaintiffs' remaining claims.

Defendants failed to file an answer. Accordingly, Plaintiffs moved for default judgment

1

against the Defendants on January 14, 2005.[1] (Doc. # 101). Defendants timely filed their response on February 2, 2005 in the form of the current motion which asks the Court to permit them to file their answer and to deny Plaintiffs' motion for default. (Doc. # 115).

Defendants now seek leave of Court to file their answer. Defendants cite "mere oversight" as the reason for their request. (Doc. # 115 at 2). Federal Rule of Civil Procedure 6(b)(2) governs this request. That Rule provides in relevant part:

> Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . . .

The Sixth Circuit commented on the excusable neglect requirement: "'mere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2).'" *Alternative Travel v. Worldspan L.P.*, 52 Fed. Appx. 693, 698-699 (6th Cir. 2002) (quoting *Raymond v. Int'l Bus. Machs. Corp.*, 148 F.3d 63, 66 (2nd Cir. 1998)). Moreover, the district court is to be granted broad discretion to expand the filing deadline. *Alternative Travel*, 52 Fed. Appx. at 699 (quoting *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995)).

Defendants' "mere oversight" satisfies the excusable neglect requirement for two reasons. First, Defendants have actively participated in this case throughout its duration. Second, permitting Defendants to file their answer would not cause Plaintiffs to suffer substantial prejudice given the fact that the Court did not permit Defendants to withdraw their

---

[1] The Court notes that this was procedurally improper pursuant to Fed. R. Civ. P. 55. *See O.J. Distrib. Inc., v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003).

admissions.  (Docs. # # 96, 133).  As such, the Court **GRANTS** Plaintiffs' motion to strike Defendants' tendered answer to Plaintiffs' Amended Complaint (Doc. # 126), and the Court **GRANTS** Defendants' motion to file their answer instanter.  (Doc. # 115).  The Clerk shall file Defendants' "tendered" answer today, and it shall be considered timely filed.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost

**GREGORY L. FROST**

**UNITED STATES DISTRICT COURT**